IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ROBERT R. CANCELOSI | ) | |
| and REBEKAH M. CANCELOSI, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 160211C |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiffs appealed Defendant's assessment for the 2012 tax year, which followed upon Defendant's Conference Decision letter, dated February 11, 2016. Trial was held in the courtroom of the Oregon Tax Court on December 2, 2016. Robert R. Cancelosi (Cancelosi) appeared and testified on behalf of Plaintiffs. Theodore Smith of Defendant's Audit Unit appeared and testified on behalf of Defendant. Plaintiffs did not timely exchange their exhibits as required by Tax Court Rule–Magistrate Division (TC–MD) 12 C, and their exhibits were not admitted. Defendant's exhibits J, M, and N were admitted without objection.

I. STATEMENT OF FACTS

Cancelosi testified that, in 2012, he incurred several expenses in connection with his job selling medical equipment to surgeons on behalf of Hologic. He testified that he drove to hospitals around his sales region to meet clients. He testified that he often bought them coffee or meals in order to fit meetings into their busy schedules. Plaintiffs claimed deductions for those and other expenses related to Cancelosi's employment, including the purchase of a computer.

---

[1] This Final Decision incorporates without change the court's Decision, entered February 17, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Hologic had a written reimbursement policy.  That policy stated that employees who did not receive a car allowance would receive a standard mileage rate for business use of their personal vehicles.  (Def's Ex J-12.)  That policy also stated that "costs of meals and beverages for employees of Hologic and their business guests are reimbursable, provided that the food and beverages are furnished under circumstances conducive to a business discussion."  (*Id*.)  That policy listed the following as a non-reimbursable expense:  "All computer/telecomm hardware, software and accessories (unless directed by IS, must have written IS approval prior to purchase)."  (*Id*. at J-14.)

Plaintiffs also claimed a deduction for legal fees.  Defendant introduced into evidence a 2010 opinion of the U.S. Bankruptcy Court naming Plaintiffs as debtors and a 2012 consent order of the Department of Consumer and Business Services Division of Finance and Corporate Securities naming Cancelosi as one of three respondents.  (Def's Exs N, M.)  The consent order imposed civil penalties on Cancelosi, and required him to cease selling unregistered securities in Oregon.  (Def's Ex M at 5–8.)

## II.  ANALYSIS

The issue in this case is whether Plaintiffs may claim a deduction under Internal Revenue Code (IRC) 162(a) for various expenses.  The court lacks documentation of the exact nature and amounts of the claimed expenses.

Taxable income for the purposes of Oregon income tax is identical to taxable income for the purposes of federal income tax unless modified by Oregon law.  ORS 316.048.[2]  Oregon follows federal administrative and judicial interpretations of the federal income tax law insofar as practicable.  ORS 316.032(2).

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

The IRC allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." IRC § 162(a). Taxpayers are generally responsible for maintaining and producing records sufficient to show their eligibility for any deductions claimed. *See* IRC § 6001. Taxpayers have a heightened recordkeeping responsibility—known as "strict substantiation"—with respect to certain expenses, including travel expenses, meal and entertainment expenses, and expenses with respect to "listed property" such as computers not used exclusively at a regular business establishment. IRC §§ 274(d), 280F(d)(4). A taxpayer must corroborate such expenses with evidence showing the amount, the time and place of any travel, the business purpose of the expense, and the business relationship to the taxpayer of anyone benefiting from the expenditure. IRC § 274(d).

Employee expenses that could have been reimbursed by an employer are not deductible by the employee. *Podems v. Comm'r*, 24 TC 21, 22–23 (1955); *Harris v. Dept. of Rev.*, TC–MD 150502N (Or Tax MD Jan 4, 2017). Such expenses may be "ordinary and necessary" to the employer, but the fact that the employee could have been reimbursed means they were not "ordinary and necessary" to the employee. *See Podems*, 24 TC at 22–23. Whether the employee actually claimed reimbursement from the employer is immaterial. *See id*.

A deduction for legal fees relating to a taxpayer's trade or business is allowed under IRC section 162(a). *Rodriguez v. Comm'r*, 97 TCM (CCH) 1090. Litigation costs of resisting a claim can only be deductible if the claim "arises in connection with the taxpayer's profit-seeking activities." *U.S. v. Gilmore*, 372 US 39, 46 (1963). Taxpayers must provide evidence to substantiate any amounts paid in legal fees. *Rodriguez*, 97 TCM (CCH) 1090.

Plaintiffs, as the party seeking relief from the court, must bear the burden of proof in this case. ORS 305.427.

Here, several reasons preclude the court from granting Plaintiffs the relief they seek. No documentation of any of Plaintiffs' claimed expenses was admitted. Any documentation would need to satisfy strict substantiation requirements with respect to the travel, meal, entertainment, and possibly the computer expenses. *See* IRC § 274(d). With respect to the travel, meal, and entertainment expenses, Plaintiffs have not shown that Cancelosi was unable to claim reimbursement from Hologic. With respect to the legal fees, the court has no evidence upon which to estimate any amount attributable to profit-seeking activity. Accordingly, the court sustains Defendant's adjustments to Plaintiffs' return.

### III. CONCLUSION

Plaintiffs failed to carry their burden of proving their entitlement to deductions under IRC section 162(a). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of March, 2017.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on March 8, 2017.*